IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHAUNCEY V. THOMPSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-121 |
| | ) | |
| CHARLES B. WEBSTER DETENTION CENTER; OFFICER CHAPUT; and OFFICER HINES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at the Charles B. Webster Detention Center in Augusta, Georgia, filed his complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following as Defendants: (1) Charles B. Webster Detention Center ("the Jail"); (2) Officer Chaput, a jailor; and (3) Officer Hines, a jailor. (See doc. no. 1, pp. 1-2, 6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 10, 2020, Plaintiff, a pretrial detainee at the Jail, was taken to the suicide cell and asked to remove his clothes. (Id. at 4-5.) When Plaintiff refused, Officers Chaput and Hines "slammed him to sleep" on the cement, and he "woke up naked on the floor." (Id.) When he awoke, he was taken to the "restraint chair" and left for four hours, during which he received no medical attention despite throwing up and urinating on himself. (Id. at 5.) Plaintiff was placed in the suicide cell for seven days but received no medical attention, even though a knot formed on his head and he had severe headaches after having his head slammed on the cement. (Id. at 6.) Plaintiff was unable to file a grievance until over one month after the July 10 incident because he had been placed in lockdown after he was released from the suicide cell. (Id. at 8.) Plaintiff seeks $200,000 in damages. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Jail Is Not Subject to Liability in a § 1983 Suit

The Jail is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010

WL 3395154 (M.D. Ga. Aug. 21, 2010); <u>Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff</u>, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. <u>See</u> 42 U.S.C. § 1983; <u>see also</u> <u>Georgia Insurers Insolvency Pool v. Elbert Cnty.</u>, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted against the Jail.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which can be granted against the Jail. Accordingly, the Court **REPORTS** and **RECOMMENDS** the Jail be **DISMISSED** from this case. By separate Order, the Court directs service of process on Defendants Chaput and Hines based on Plaintiff's allegations of excessive force and deliberate indifference to as serious medical need.

SO REPORTED and RECOMMENDED this 5th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA