IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHAUNCEY V. THOMPSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 120-121 |
| | ) |
| DEPUTY MICHAEL CHAPUT and | ) |
| DEPUTY MARQUIZE HINES,[1] | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly incarcerated at Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, is proceeding *pro se* in this civil rights case. Discovery is complete, and Defendants have moved for summary judgment. (Doc. nos. 16, 20.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice under the conditions described herein, and the motion for summary judgment be **DENIED AS MOOT**. (Doc. no. 20.)

**I.   BACKGROUND**

The complaint alleges claims regarding use of excessive force and deliberate indifference to a serious medical need against Defendants Chaput and Hines. (See generally doc. nos. 1, 8.) Plaintiff was warned in the first Order entered in this case that he must keep

---

[1]The Court **DIRECTS** the **CLERK** to update the names and titles of Defendants, in accordance with the caption of this Order, which is consistent with the answer and motion for summary judgment. (See doc. nos. 15, 20.)

the Court informed of his address or risk dismissal of his claims. (Doc. no. 4, pp. 3-4.) In a subsequent order, Plaintiff was again informed of the requirement for immediately informing the Court of any change of address and cautioned failure to do so would result in dismissal of the case. (Doc. no. 8, p. 4.) Defendants answered the complaint, and the Clerk of Court entered a scheduling notice setting deadlines for the case. (Doc. nos. 15, 16.) Defendants timely filed their motion for summary judgment. (Doc. nos. 16, 20.)

Upon filing of the summary judgment motion, the Clerk of Court issued two notices informing Plaintiff a summary judgment motion had been filed and explaining his responsibility for responding. (Doc. nos. 21, 22.) Both notices were returned as undeliverable because Plaintiff is no longer at the Jail. (Doc. no. 23.) Thus, the Court is seemingly left with a stagnant case in which no communication with Plaintiff seems possible.

## II.   DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

2

promptness." Loc. R. 41.1(b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, in violation of multiple Court orders, Plaintiff has failed to keep the Court informed of his address. The Court warned Plaintiff multiple times failure to comply with this requirement would result in dismissal of the case, and thus, Plaintiff's actions have presented the Court with a *de facto* motion to voluntarily dismiss the case. Nevertheless, the Court is mindful Defendants have filed a motion for summary judgment.

Under Federal Rule of Civil Procedure 41(a)(2), unless otherwise specified in the Court's ruling, dismissal is without prejudice and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court has broad discretion to determine whether voluntary dismissal under Rule 41(a)(2) should be granted. Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Id. at 1255 (citations and internal quotations omitted). The rule allows the court to implement curative conditions so that a voluntary dismissal does not inequitably impact the opposing party. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986). In making its decision, the Court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and

3

attaching such conditions as are deemed appropriate." Id. at 857; see also Arias v. Cameron, 776 F.3d 1262, 1272 (11th Cir. 2015) (same).

Moreover, even though a case has proceeded to the summary judgment stage and a voluntary dismissal may be an attempt to avoid an adverse summary judgment ruling, such a procedural posture, particularly in the absence of bad faith, does not amount to plain legal prejudice. Potenberg, 252 F.3d at 1257-58. "Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Id. at 1256. Indeed, the Eleventh Circuit has declined to impose a bright-line rule to prevent granting a Rule 41(a)(2) voluntary dismissal without prejudice when there is a pending summary judgment motion. Arias, 776 F.2d at 1273. However, a Rule 41(a)(2) dismissal without prejudice is usually not allowed "after the defendant has been put to considerable expense preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." McCants, 781 F.2d at 860.

Having weighed the interests of Defendants against the *de facto* request for dismissal, the Court concludes dismissal without prejudice should be granted in accordance with the following terms. First, Plaintiff assumes the responsibility for pursuing any future case in accordance with all applicable rules, statutes, and case law, including but not limited to the applicable statute of limitations. See Moon, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

4

Second, the recommendation for dismissal without prejudice is hereby conditioned on the payment of costs to Defendants as contemplated by Rule 41(d) should Plaintiff later decide to refile his case. "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse it 'broad equitable discretion' by dismissing the action without prejudice." Potenberg, 252 F.3d at 1260. If a plaintiff who previously dismissed his case in any court files another action based on or including the same claim against the same defendant, the plaintiff may be ordered to pay all or part of the costs of the prior case, and the Court can stay the proceedings in the new case until the plaintiff has complied. Fed. R. Civ. P. 41(d). If Plaintiff decides to refile against Defendants Chaput and Hines in the future, he must disclose this civil action and pay all costs incurred by the defense in this civil action. See Potenberg, 252 F.3d at 1260 (approving of dismissal without prejudice conditioned on payment of costs to defendant if plaintiff later refiled).

In the refiled civil action, any Defendant named in this case shall submit a bill of costs within the time required for the filing of its responsive pleading to the refiled complaint. The Court shall review said bill and enter an order determining the reasonable amount of costs to be paid by Plaintiff. The refiled civil action shall be stayed for thirty days thereafter. Plaintiff shall pay all such costs within this thirty-day period, and failure to do so shall constitute just cause for dismissal. See Hill v. Ford Motor Co., No. 408CV012, 2008 WL 2811309, at *2 (S.D. Ga. July 21, 2008) (conditioning voluntary dismissal on pre-payment of costs in any refiled action and enjoining proceeding with refiled case until cost issue resolved). Defendants shall file their responsive pleading to the complaint within thirty days of receiving payment from Plaintiff.

5

Third, Defendants may refile the current summary judgment motion "as is" at any time in the refiled action, without the need to make any changes whatsoever other than attaching as a cover page the new caption. Plaintiff shall have the right to submit a brief in opposition to any such summary judgment motion, but shall not contend that the motion is premature and/or that additional discovery is necessary prior to a summary judgment ruling.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice under the conditions described herein, and the motion for summary judgment be **DENIED AS MOOT**. (Doc. no. 20.)

SO REPORTED and RECOMMENDED this 24th day of May, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA